UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HERBERT JONES**                                                                  **CIVIL ACTION**

**VERSUS**                                                                              **No. 24-2478**

**JH WALKER TRUCKING, ET AL**                                           **SECTION I**

### ORDER AND REASONS

Before the Court is a motion[1] to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to transfer the case filed by defendant J.H. Walker ("defendant"). Plaintiff Herbert Jones ("plaintiff") did not file a response in opposition. For the reasons set forth below, the Court grants the motion with respect to defendant's request to transfer the case.

### I. BACKGROUND

Plaintiff instituted this action by filing a complaint[2] alleging that defendant[3] wrongfully terminated plaintiff from defendant's employ because of plaintiff's age and disability.[4] Attached to the complaint was a determination and notice of rights issued by the U.S. Equal Opportunity Employment Commission ("EEOC").[5] The document stated that the EEOC would not proceed further with its investigation and notified

---

[1] R. Doc. No. 14.
[2] R. Doc. No. 1.
[3] The complaint names two defendants. *Id.* ¶ 1. However, the complaint also states that plaintiff would "withhold service" of the other defendant. *Id.* ¶ 15. Accordingly, a summons was not issued as to the other defendant. There is therefore only a single defendant in this lawsuit.
[4] *See id.* ¶¶ 2, 4.
[5] R. Doc. No. 1-2.

plaintiff of his right to sue within 90 days of his receipt of the notice.[6] Plaintiff filed this action within the 90-day time period, and so it is timely.[7]

Defendant filed the instant motion[8] asserting multiple bases for dismissal pursuant to Rule 12(b)(6). The motion contends that plaintiff has failed to state a valid claim for relief pursuant to Title VII because (1) plaintiff is an independent contractor and therefore does not fall within the ambit of the statute and (2) age and disability are not protected categories pursuant to Title VII.[9] In the alternative, defendant moves pursuant to 28 U.S.C. § 1404(a) to have the case transferred in accordance with the forum-selection clause in the independent contractor lease agreement[10] ("the agreement") signed by both parties.[11] That agreement explicitly provides that "the Parties agree that any and all disputes under this Agreement shall be filed in the appropriate state and federal courts located within Harris County, Texas."[12] Defendant requests that this Court transfer this case specifically to the United States District Court for the Southern District of Texas.[13]

---

[6] *See id.* at 1.
[7] The notice is dated July 16, 2024, *see id.*, and the complaint was filed on October 15, 2024, *see* R. Doc. No. 1.
[8] R. Doc. No. 14.
[9] R. Doc. No. 14-1, at 7–15.
[10] R. Doc. No. 14-2.
[11] R. Doc. No. 14-1, at 17–19.
[12] R. Doc. No. 14-2, ¶ 27.
[13] R. Doc. No. 14-1, at 19. Defendant cites no caselaw in support of this Court's authority to directly transfer this case to the Southern District of Texas given that the forum-selection clause points to both federal and nonfederal forums.

2

## II. STANDARD OF LAW

The appropriate way to enforce a forum-selection clause pointing to a particular forum is within the framework of the *forum non conveniens* doctrine. *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013). "Usually, a court applying the doctrine must determine whether there is an adequate alternative forum and, if so, decide which forum is best-suited to the litigation by considering a variety of private- and public-interest factors and giving deference to the plaintiff's choice of forum." *Noble House, L.L.C. v. Certain Underwriters at Lloyd's, London*, 67 F.4th 243, 248 (5th Cir. 2023). "The *forum non conveniens* determination is committed to the sound discretion of the trial court." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981).

However, "the presence of a mandatory, enforceable forum-selection clause simplifies the 'usual' analysis in two ways." *Noble House*, 67 F.4th at 248. First, courts afford the plaintiff's choice of forum no weight. *See id.* Second, courts consider the private-interest factors to weigh entirely in favor of the pre-selected forum. *See id.* Accordingly, district courts "should ordinarily transfer the case to the forum specified" in a valid forum-selection clause.[14] *See Atl. Marine Const.*, 571 U.S. at 62. "Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.* "Hence, a valid forum-selection clause

---

[14] Current Fifth Circuit caselaw has not drawn a distinction between the enforceability and validity of forum-selection clauses and instead treats those words as synonyms in this context. *See Al Copeland Invs., L.L.C. v. First Specialty Ins. Corp.*, 884 F.3d 540, 543 n.2 (5th Cir. 2018). As there was no opposition filed asking this Court to draw this distinction here, the Court does not address it.

controls the *forum non conveniens* inquiry in all but the most unusual cases." *Noble House*, 67 F.4th at 248 (internal quotation and citation omitted).

Prior to undertaking the *forum non conveniens* analysis, courts must first determine "[whether] the forum-selection clause is both mandatory and enforceable." *See id.* at 249. Courts in the Fifth Circuit "apply a strong presumption in favor of enforcing mandatory forum-selection clauses." *Id.* at 248. This presumption may be overcome if the clause is unreasonable under the circumstances. *See id.* Unreasonableness is a question of federal law. *Id.* at 249. To determine unreasonableness, courts consider whether

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Id.* at 248 (internal quotation and citation omitted). "The party resisting enforcement on these grounds bears a heavy burden of proof." *Id.* at 249 (internal quotation and citation omitted). Only once it is determined that the forum-selection clause is mandatory and enforceable, courts consider whether "the case is one of the rare cases in which the public-interest *forum non conveniens* factors favor keeping a case despite the existence of a valid and enforceable forum-selection clause." *Id.* (cleaned up) (internal quotation omitted).

## III. ANALYSIS

Prior to undertaking the *forum non conveniens* analysis, the Court must make a procedural clarification. Traditionally, the remedy for *forum non conveniens* was outright dismissal. *See Atl. Marine Const.*, 571 U.S. at 60. Section 1404(a) modifies the traditional doctrine by enabling federal courts to transfer cases when the selected forum is within the federal system. *See id.* "For the remaining set of cases calling for a nonfederal forum, § 1404(a) has no application, but the residual doctrine of *forum non conveniens* has continuing application in federal courts. *Id.* at 60–61. "And because both § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Id.* at 61.

As previously stated, defendant filed his motion pursuant to § 1404(a) ostensibly because he asks the Court to transfer this case to another federal forum. The Court concludes that it will examine defendant's motion as a motion for a *forum non conveniens* dismissal on the basis of the forum-selection clause.

Having clarified the procedural posture of the case, the Court now concludes that the forum-selection clause is enforceable and must be vindicated. First, the clause in question is mandatory. It explicitly provides that any lawsuit arising from the agreement "*shall* be filed in the appropriate state and federal courts located within Harris County, Texas."[15] And use of the word "shall" indicates a mandatory

---

[15] R. Doc. No. 14-2, ¶ 27 (emphasis added).

obligation. *See Me. Cmty. Health Options v. United States*, 590 U.S. 296, 310 (2020) ("Unlike the word 'may,' which implies discretion, the word 'shall' usually connotes a requirement." (internal quotation and citation omitted)).

Second, the Court concludes that the forum-selection clause is enforceable. It is the heavy burden of plaintiff to demonstrate that the forum-selection clause is unenforceable. *See Noble House*, 67 F.4th at 249. By not filing a response in opposition, plaintiff necessarily failed to carry his heavy burden.

Since the Court has concluded that the forum-selection clause is mandatory and enforceable, the Court now must undertake the modified *forum non conveniens* analysis. *See id.* at 248. This analysis considers only the public-interest factors. *Id.* These factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine Const.*, 571 U.S. at 63 n.6.

Upon consideration of the public-interest factors, the Court concludes that they conduce in favor of dismissal in order for the case to be refiled consistently with the forum-selection clause. In addition to a forum-selection clause, the agreement also contains a choice-of-law clause, which provides that Texas law governs.[16] Since Texas law governs, dismissal and refiling this case in Texas will further the public-interest factors. Whether plaintiff chooses to refile the case in state or federal court in Harris

---

[16] *Id.* (providing that the agreement "shall be subject to and governed by the laws of the State of Texas").

6

County, Texas, it will be litigated in a forum "at home with the law." *See id.* Further, because defendant is a Texas corporation[17] and Texas law applies, refiling this case in Texas would serve "the local interest in having localized controversies decided at home." *See id.* Accordingly, this case does not present "extraordinary circumstances" on account of which an enforceable forum-selection clause should not be enforced. *See id.* at 62.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that defendant's motion for a *forum non conveniens* dismissal is **GRANTED**. The above-captioned matter is hereby **DISMISSED WITHOUT PREJUDICE** to plaintiff's right to refile this action consistently with the agreement's forum-selection clause.

New Orleans, Louisiana, February 3, 2025.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[17] R. Doc. No. 1, ¶ 1.